■ CHARLES MANDELL et al., Respondents, v. B. T. MANAGEMENT CORP. et al., Appellants.— Order, Supreme Court, New York County, entered on

January 13, 1972, unanimously modified, on the law and the facts and in the interest of justice and the exercise of discretion, to direct a new trial in the September 1972 Term of Supreme Court, New York County, with the Justice holding Trial Term, Part I, during that term, to assign the matter for such trial, based on the complete record heretofore made, with the right to either side, on 10 days' written notice, to move at Trial Term, Part I, to reopen the trial for the purpose only of presenting additional evidence. This is an accounting action against the general partners by approximately one half of the limited partners, for damages for alleged breach of fiduciary duty. Some months after the completion of a trial before the late Mr. Justice Matthew M. Levy, without a jury, the complaint was dismissed (but not on the merits, cf. CPLR 5013) because a brief and the trial exhibits had not been submitted on behalf of the plaintiff. The court at Special Term confirmed the report of Special Referee Mazur, which found that trial counsel for the plaintiffs-respondents was mentally ill for a period after the trial, and, because thereof, did not comply with the brief and exhibits requirement, and, accordingly, vacated the judgment of dismissal (CPLR 5015, subd. [a], par. 1), and ordered a new trial. It would be supererogatory to require a completely new trial for a case on which issue was joined in 1965, and which went on for 22 court days in 1969, and which, if it had not been for the alleged mental illness of trial counsel after the trial, would already have been determined. The unfortunate death of the Trial Justice after the assignment to the Special Referee impels us to order a new trial in the September 1972 Term of court with the Justice holding Trial Term, Part I, New York County, during that term, to assign the matter for such trial, based on the complete record heretofore made, with the right to either side, on 10 days' written notice to move at Trial Term, Part I, to reopen the trial for the purpose only of presenting additional evidence. Concur — McGivern, J. P., Kupferman, Murphy, McNally and Eager, JJ.